UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JAMES LYTCH,

                  Petitioner,

   -against-

UNITED STATES OF AMERICA,

                  Respondent.
---------------------------------------------------------------- X

09-CV-1940 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Pro se petitioner, James Lytch ("Lytch" or "petitioner"), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on May 4, 2009. He claims that the ten year consecutive sentence imposed on him for violation of 18 U.S.C. § 924(c)(A)(iii) is unlawful in light of the Second Circuit's interpretation of that statute in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and United States v. Whitley, 529 F.3d 150, reh'g denied, 540 F.3d 87 (2d Cir. 2008). He also contends that he was denied the effective assistance of trial and appellate counsel. For the reasons stated below, the petition is denied.

## BACKGROUND

Lytch was convicted, following a jury trial, of conspiracy to distribute more than a kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), using and carrying a firearm in relation to the narcotics trafficking conspiracy charged in Count One, in

violation of 18 U.S.C. § 924(c)(1) (Count Two), and murder involving the use of a firearm, in violation of 18 U.S.C. § 924(j). He was sentenced to concurrent terms of 204 months on the narcotics trafficking and murder counts (Counts One and Three), and to a consecutive 120-month term on the firearms count (Count Two), for a total term of imprisonment of 324 months.

At the sentencing proceeding held November 28, 2005, I noted that it was undisputed that the advisory sentencing guideline in the case was life imprisonment, followed by a mandatory consecutive 10-year term on the firearms charge in Count Two. Nonetheless, after considering the factors enumerated in 18 U.S.C. § 3553(a), particularly petitioner's history and characteristics and the nature and circumstances of the offenses, I imposed a non-guidelines sentence of 324 months "as sufficient but of no greater severity than necessary to satisfy the goals of sentencing." In fashioning the aggregate sentence, I imposed concurrent sentences of 204 months on Counts One and Three, the narcotics and murder counts, and a consecutive 10-year sentence on Count Two, the firearms count.

On appeal, Lytch challenged the sufficiency of the evidence to convict him of the crimes charged in Counts Two and Three and argued that his sentence on Count One was unreasonable. The Court of Appeals affirmed by summary order. United States v. Lytch, No. 05-6656-cr(con), 255 Fed.Appx. 600 (2d Cir. 2007).

## DISCUSSION

I. Sentencing Claim

Petitioner claims that the 10-year mandatory minimum sentence imposed on Count Two, the firearms count charging violation of 18 U.S.C. § 924 (c), is unlawful, citing the Second

2

Circuit's recent decisions in Williams and Whitley. Those cases construe the language of 18 U.S.C. § 924(c)(1)(A) to mean that the mandatory minimum sentence called for by the provision does not apply where a greater minium sentence is provided by a predicate offense that arises from the same criminal transaction or operative set of facts charged in the firearms count. Williams, 558 F.3d at 170; Whitley, 529 F.3d at 151. Because petitioner failed to raise this claim on direct appeal, it is procedurally barred. It is also meritless.

A. Procedural Bar

A petitioner who fails to bring a claim on direct appeal is precluded from raising it in a subsequent § 2255 proceeding unless he can (a) establish actual innocence, a claim not advanced by Lytch, or (b) both "cause" for the procedural default and actual prejudice resulting therefrom. Bousley v. United States, 523 U.S. 614, 623 (1998); Rosario v. United States, 164 F.3d 729, 732-33 (2d Cir. 1998). Contrary to petitioner's assertion, he cannot establish "cause" for the default on the ground that his current claim was "partially asserted" on direct appeal; on appeal, he argued only the insufficiency of the evidence to prove his use of the firearm in connection with the charged heroin conspiracy, not the propriety of the mandatory minimum sentence imposed on the firearm count. Nor is petitioner excused from raising the claim on appeal on the ground that Williams and Whitley had not yet been decided. "[W]here the basis of a . . . claim is available, and other defense counsel have perceived and litigated the claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default." Engle v. Isaac, 456 U.S. 107, 134 (1982).

In any event, Lytch cannot demonstrate that he was prejudiced by the alleged error. As more fully developed below, see part IB, because Whitley and Williams do not apply to Lytch's

3

sentence at all, his failure to raise the argument on direct appeal cannot have caused him prejudice. Moreover, because I chose to impose on Lytch a non-guidelines sentence and found, after balancing the sentencing factors under 18 U.S.C. § 3553(a), that a prison term of 324 months was appropriate, I would simply have imposed the same 324-month sentence to run concurrently on Counts One and Three had I perceived some impediment to the imposition of the 10-year consecutive mandatory minimum term on Count Two. Accordingly, the claim challenging the imposition of the 10-year consecutive sentence on the offense in Count Two is procedurally barred.

B. <u>The Merits</u>

Even if it were not barred, however, plaintiff's claim is founded on a misconception of the import of the circuit's decisions in <u>Williams</u> and <u>Whitley</u>. Those cases construe the language of 18 U.S.C. § 924(c)(1)(A) to prohibit application of the mandatory consecutive sentences called for by the statute in circumstances where a defendant is subject to a greater or longer minimum sentence on another charge arising from the same criminal transaction. But Lytch was not subject to any greater or longer mandatory minimum sentence on any charge of conviction. Rather, on his conviction of conspiracy to distribute a kilogram or more of heroin (Count One), which was the predicate offense for his § 924(c) conviction (Count Two), Lytch was subject to a mandatory minimum sentence of 10 years, a sentence that is identical to, and not greater than, the mandatory minimum 10 year sentence required by § 924(c) for his conviction of Count Two. The sentence imposed on Lytch thus involved no error.

In an effort to evade this result, Lytch argues in his "traverse" submission that because he had a prior felony drug conviction, he was "subject" not to the 10 year mandatory minimum

4

provision of § 841(b)(1)(A), but to the 20 year mandatory minimum provision of that statute, rendering unlawful under the Williams/Whitley line of cases the 10 year consecutive sentence imposed on Count Two. Under 21 U.S.C. § 851(a)(1), however, "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions unless before trial . . . the United States Attorney files an information with the court . . . stating in writing the previous convictions to be relied on." The filing prior to trial of an information identifying the previous felony drug conviction(s), while not "jurisdictional," has been held a "condition precedent to the court's imposition of an enhanced penalty . . . ." United States v. Morales, 560 F.3d 112, 113 (2d Cir. 2009). "If the government fails to timely file an information identifying the previous conviction(s), only the lower penalty otherwise applicable may be imposed." Id. (citations omitted). As Lytch acknowledges, the United States Attorney filed no prior felony information in his case. Thus, notwithstanding his linguistic circumlocutions, Lytch was not "subject to" a mandatory minimum sentence that exceeded 10 years. As the court concluded in Vadas v. United States, 433 F.3d 212, 217 (2d Cir. 2005), "Section 851 affects . . . the district court's authority to *subject* a defendant to an enhanced mandatory minimum based on a prior felony drug conviction" (emphasis added). Petitioner's attack on the legality of his sentence is thus without merit.

## II. Ineffective Assistance of Counsel Claim

Lytch claims that his trial and appellate counsel were ineffective in "failing to investigate the illegality" of his sentence, presumably in reference to his claim under Whitley and Williams.

A defendant advancing an ineffective assistance of counsel claim to attack a conviction

faces a considerable burden. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine if counsel's assistance was ineffective: whether counsel's performance fell below an objective standard of reasonableness and whether defendant suffered prejudice resulting from counsel's performance. Id. At 687-88. A court need not discuss both components of the inquiry if the petitioner makes an insufficient showing on one. Id. At 697.

As discussed above and as the government urges, "Lytch could not have benefitted from the interpretation of Section 934(c) set forth in Whitley and Williams, even if his trial and appellate counsel had the prescience to raise the claim years before those decisions were handed down." (Memo. In Opp. p. 27). Thus, he cannot demonstrate prejudice based on counsel's purported error. He is also unable to show prejudice because I imposed a non-guideline sentence of 324 months, well below the advisory Guidelines that called for a term of life imprisonment. Had I not imposed a mandatory consecutive sentence of 10 years under Section 924(c), I would have fashioned a 324 month sentence on Counts One and Three, thus imposing a sentence of identical length.

## CONCLUSION

For the foregoing reasons, I deny the instant petition for a writ of habeas corpus. No Certificate of Appealability is granted with respect to any of the petitioner's claims, since petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a Certificate of Appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: November 11, 2008
Brooklyn, New York

Service List:

**Petitioner (pro se):**

James Lytch
# 69955-053
MDC - Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

2nd Address:

James Lytch
FCI Otisville
P.O. Box 1000
Otisville, NY 10963


**Respondent:**

Kelly T. Currie
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820